**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| EDWARD A. SCHERDER, DMD, and EDWARD A. SCHERDER, DMD, PA, <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:20-cv-697-JLB-NPM |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT THEREOF**

Plaintiffs, EDWARD A. SCHERDER, DMD and EDWARD A. SCHERDER, DMD, PA (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 15(a)(2), Local Rule 3.01, and all other applicable rules, hereby move this Honorable Court for leave to file an Amended Complaint against ASPEN AMERICAN INSURANCE COMPANY ("Aspen"), and in support thereof state as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiffs filed their original Complaint for Breach of Contract and for declaratory relief in this matter against Aspen on September 9, 2020. [ECF No. 1].

2. On September 29, 2020, Aspen filed an Unopposed Motion for Extension of Time to File a Response to Plaintiffs' Complaint. [ECF No. 9]. As its name indicates, Plaintiffs did not object to Aspen's request for an extension of time.

3. On November 5, 2020, Aspen filed its Motion to Dismiss Plaintiffs' Complaint. [ECF No. 19]. Aspen's Motion to Dismiss is 31 pages long and cites 50 cases from all around the country.

4. Because the Plaintiffs' Lead Counsel was on trial during the month of November and into early December, Plaintiffs requested an extension of time to respond to Aspen's Motion to Dismiss on November 17, 2020, which this Court granted. [ECF Nos. 20, 21]. Plaintiffs' response to Aspen's Motion to Dismiss is currently due on December 21, 2020.

5. Plaintiffs now seek to amend their Complaint pursuant to Fed. R. Civ. P. 15(a). The proposed Amended Complaint (without exhibits) is attached hereto as Exhibit A. If this Motion for Leave to Amend is granted, Aspen's Motion to Dismiss will be rendered moot.

## LOCAL RULE 3.01(g) CERTIFICATION

6. Pursuant to L.R. 3.01(g), attorneys for the Plaintiffs have conferred with attorneys for Aspen in a good faith effort by Plaintiffs to resolve the issues raised by this motion. In a December 16, 2020 e-mail, an attorney for Aspen indicated in writing that Aspen would not consent to Plaintiffs' filing of an Amended Complaint. Plaintiffs' counsel's L.R. 3.01(g) Statement is attached hereto as Exhibit B.

## MEMORANDUM OF LEGAL AUTHORITY

7. Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleading as a matter of course within 21 days of, relevant here the service of a motion under Fed. R. Civ. P. 12(b). In all other cases, a party may amend its pleading with either leave of court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2).

8. Because Aspen has inexplicably refused to consent to Plaintiffs' filing of an Amended Complaint, Plaintiffs have no choice but to now seek leave of Court. Fed. R. Civ. P.

2

15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." Eleventh Circuit precedent holds that this language strictly circumscribes a district court's discretion to deny a motion for leave to amend. *See City of Miami v. Citigroup, Inc.*, 801 F.3d 1268, 1277 (11th Cir. 2015).

9. "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *In Re: Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014), *citing Foman v. David*, 371 U.S. 178, 182 (1962).

10. Situations where a motion for leave to amend may be granted are extremely limited, to wit: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

11. None of these situations are present here. There is nothing that Aspen can point to that would even remotely suggest bad faith or a dilatory motive. As noted above, Plaintiffs' lead counsel, Edward Ruberry, was on trial during the month of November, and Aspen's Motion to Dismiss is lengthy and complex. This case is less than 100 days old and still in the pleadings stage. Moreover, this is the first amendment that Plaintiffs have requested.

12. Aspen would in no way be prejudiced by Plaintiffs' amendment, and would in fact benefit from having Plaintiffs amend now rather than at some later point in this litigation. Finally, while Aspen will likely argue that any amendment would be futile, Plaintiffs' proposed amended complaint is based upon the very case law that Aspen cites in its Motion to Dismiss. *See, e.g. Malaube, LLC v. Greenwich Ins. Co.*, Case No. 20-22615-Civ., 2020 WL 5051581 at *6 (S.D. Fla.

Aug. 26, 2020) (discussing, among other cases, *Studio 417, Inc. v. Cincinnati Ins. Co.*, --- F. Supp. 3d ----, 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020), wherein a complaint against an insurer for damages arising out of COVID-19 losses survived a motion to dismiss).

13. In short, the "freely given" standard of Rule 15(a)(2) is easily satisfied in this case, and Aspen has no legitimate objection to Plaintiffs being granted leave to file their Amended Complaint.

## CONCLUSION

14. For the foregoing reasons, Plaintiff's Motion to Leave to file its Amended Complaint should be granted.

WHEREFORE, Plaintiffs EDWARD A. SCHERDER, DMD and EDWARD A. SCHERDER, DMD, PA request that this Honorable Court enter an order granting them leave to file an Amended Complaint in this matter, and for any and all further relief that this Court may deem equitable and just.

Dated: December 17, 2020

Respectfully submitted,

/s/ Edward F. Ruberry
Edward F. Ruberry, Esq. (*pro hac vice*)
Ruberry, Stalmack & Garvey, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL  60603
Phone:  312-466-8050
Fax:  312-466-8055
E-mail:  ed.ruberry@ruberry-law.com

-and-

Joshua M. Sword, Esq.
Rywant Alvarez Jones Russo & Guyton
302 Knights Run Ave., Ste. 1000
Tampa, FL 33602
Phone: 813-229-7007 ext. 320
Fax: 813-223-6544
Email: jsword@rywantalvarez.com